# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 50004 - 1 | **DATE** | 7/30/2002 |
| **CASE TITLE** | U.S.A. vs. BLACKSHEAR | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Blackshear's motion for return of seized property is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | **Document Number** |
| X | Notices mailed by judge's staff. | | JUL 30 2002 | | |
| | Notified counsel by telephone. | | date docketed | | 62 |
| | Docketing to mail notices. | | docketing deputy initials | | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | 7-30-02 | | |
| /SEC | courtroom deputy's initials | | date mailed notice | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Thomas Blackshear, a convicted federal prisoner sentenced by this court on December 27, 2000, has filed a motion for the return of seized property pursuant to Fed. R. Crim. P. 41(e). Blackshear has moved for the return of a Gateway computer, a Smith & Wesson .357 caliber revolver, a Star .45 caliber handgun, a 12 Gauge Mossberg shotgun, a laser site for a gun, a speed loader for the .357 caliber, gun cases, one box of ammunition, and miscellaneous documents seized from a warrant executed on October 29, 1999, in connection with his subsequent arrest. Additionally, Blackshear request the return of a 30-30 rifle and a 38 pistol claimed to be unlawfully seized on January 21, 2000. The government argues that the items should not be returned because they were forfeited in Blackshear's plea agreement, returned to the owner, or needed for a potential trial.

Rule 41(e) allows for the return of property when one has been subject to an unlawful search or seizure or deprived of property and is lawfully entitled to possession of the property. See Fed. R. Crim. P. 41(e). Because a post-conviction Rule 41(e) motion is treated as a civil equitable proceeding, the court considers the following factors: whether Blackshear has individual interest in and need for the material which return he seeks; whether he would be irreparably injured by the denial of the return of property; and whether he has an adequate remedy at law for redress of his grievance. United States v. Solis, 108 F.3d 722 (7th Cir. 1997); Mr. Lucky Messenger Serv., Inc. v. United States, 587 F.2d 15, 17 (7th Cir. 1978).

The court finds that Blackshear is not entitled to the Smith & Wesson .357 caliber revolver, Star .45 caliber handgun, 12 Gauge Mossberg shotgun, laser site for a gun, speed loader for the .357 caliber, gun cases, and one box of ammunition because Blackshear is a convicted felon who cannot possess firearms or ammunition. See 18 U.S.C. § 922(g). Moreover, in paragraph nine of Blackshear's plea agreement he forfeited all interest he had in the Smith & Wesson .357 caliber revolver, Star .45 caliber handgun, and 12 Gauge Mossberg shotgun.[1] (Gov't Exh. A). Although Blackshear alleges that a 30-30 rifle and a 38 pistol were unlawfully seized on January 21, 2000, there is nothing from the court record that reflects this seizure, and the government does not specifically address these items in their brief.[2] Nevertheless, Blackshear would not be entitled to the 30-30 rifle or the 38 pistol because he is a convicted felon. See 18 U.S.C. § 922(g). The Gateway computer is no longer in the possession of the government because it was returned to Rent-a-Center upon finding that Blackshear leased the item from there, thus Blackshear is not entitled to the computer.[3] Lastly, the government argues that personal papers and photos seized on October 29, 1999 from Blackshear's residence should not be returned because they will be used in future trials. The government has shown an adequate interest in retaining the property as evidence. See Interstate Cigar Co. v. ICC Indiana Warehouse Inc., 928 F.2d 221, 224 (7th Cir. 1991). Blackshear is not entitled to the return of personal papers and photos seized from his residence on October 29, 1999, at this time.

For the reasons stated above, Blackshear's motion for return of seized property is denied.

---

[1] On September 13, 2000 Blackshear was told by the court, when he was entering his plea, that in the event the government confiscated the firearms the owners of the firearms would need to resolve the matter with the government because Blackshear forfeited all ownership interest in the firearms in his plea agreement. (Tr. Vol. 2).

[2] The 30-30 rifle and the 38 pistol were not forfeited in the plea agreement because neither firearm is listed in the plea agreement.

[3] The government did not merely 'give away' Blackshear's computer, but it disposed of the property by returning it to the owner. See Mora v. United States, 955 F.2d 156, 158-59 (2nd Cir. 1992).